IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORGE ALBERTO PICON,** | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | NO. 25-6731 |
| **DAVID O'NEILL,** *et al.*, | : | |
| Respondents. | : | |

**Perez, J.**                                                                                             **December 15, 2025**

## MEMORANDUM

This case is not unique. It involves familiar factual circumstances that over 280 district court opinions have squarely addressed and found unlawful and legal arguments from the government that those courts have rejected.[1] Petitioner Jorge Alberto Picon was detained by Immigration and Customs Enforcement ("ICE") agents when he attended a routine check-in at the Philadelphia ICE Office. Mr. Picon has been held in custody since November 28, 2025, without a bond hearing and without an individualized assessment that his detention is warranted under the law. Mr. Picon therefore petitions this Court for a writ of habeas corpus, seeking immediate release from his unlawful detention. Although the government recognizes that an overwhelming majority of district courts have rejected its position, it opposes Mr. Picon's petition and puts forth the same arguments numerous courts in this district, and hundreds of those outside this district, have unequivocally rejected. This Court agrees with its colleagues' well-reasoned interpretations of the Immigration and Nationality Act ("INA") and finds that it has subject matter jurisdiction, that Mr.

---

[1] *See Demirel v. Fed. Det. Ctr.*, No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025) ("Although there is no apposite appellate authority, there are 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the [Immigration and Nationality Act]—the same interpretation it urges here—was rejected.").

1

Picon need not exhaust his administrative remedies, and that he is entitled to habeas relief. The government has violated Mr. Picon's Fifth Amendment right to due process by detaining him and keeping him in custody without a hearing. Mr. Picon's detention is therefore unlawful. The government shall release Mr. Picon immediately in accordance with this Court's accompanying Order.

**I.     Background**

Mr. Picon is a Nicaraguan citizen, who entered the United States with inspection and parole on or about November 8, 2022. Petition for Writ of Habeas Corpus ¶¶ 1, 22–23, ECF No. 1. Mr. Picon is married to a United States citizen and is adjusting his immigration status based upon his marriage and the fact that he was inspected and admitted. *Id.* ¶ 27. Mr. Picon has no criminal record. *Id.* ¶ 28. Nonetheless, while he was attending a routine check-in at the Philadelphia ICE Office, ICE agents arrested Mr. Picon and took him into detention. *Id.* ¶ 25. Mr. Picon was initially held at the Federal Detention Center in Philadelphia, Pennsylvania ("FDC"), *id.* ¶ 11, but has been transferred to the Moshannon Valley ICE Processing Center, Resp. Opp. to Pet. at 3, ECF No. 7. The government has refused to provide Mr. Picon a custody redetermination hearing (a "bond hearing") to determine whether his detention is lawful. ECF No. 1 ¶ 82; ECF No. 7 at 2–3.

Mr. Picon petitioned this Court for a writ of habeas corpus seeking an order that he shall not be transferred outside the Commonwealth of Pennsylvania, declaring that his detention is unlawful, and requiring Respondents to release him from detention immediately, or, in the alternative, to provide him with a bond hearing. Mr. Picon alleges the government wrongfully detained him under 8 U.S.C. § 1225(b)(2) (Section 235 of the Immigration and Nationality Act ("INA")), which provides for mandatory detention without a bond hearing. Mr. Picon asserts that the applicable INA provision is 8 U.S.C. §1226(a) (Section 236 of the INA). *See* ECF No. 1 ¶¶

2

57–68. Mr. Picon further argues his detention without a bond hearing violates his right to due process. *Id.* ¶¶ 69, 71–73.

II.     **Subject Matter Jurisdiction**

This Court has jurisdiction to review a habeas petition and grant habeas relief to any person in custody "under or by color of the authority of the United States" or "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2441(a), (c)(1), (c)(3). The government argues this Court lacks jurisdiction to review Mr. Picon's habeas petition because the INA limits the Court's authority to review immigration matters. *See* ECF No. 7 at 3. The government relies on three provisions of the INA—8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii). ECF No. 7 at 5–9. Courts in this District have repeatedly held none of these apply.[2] This Court agrees.

### Section 1252(g)

The INA provides that courts lack jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). This provision does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, . . . the language . . . refer[s] to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AAADC*"), 525 U.S. 471, 482 (1999) ("The provision applies

---

[2] *See, e.g.*, *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *3 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Demirel*, 2025 WL 3218243, at *2 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Centeno Ibarra v. Warden of Fed. Det. Ctr.*, No. 25-6312, 2025 WL 3294726, at *2–3 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003, at *2 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-5930, 2025 WL 3296300, at *2 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Perez Suspes v. Rose*, No. 25-6608, 2025 WL 3492820, at *2 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665, at *6 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528, at *3–4 (E.D. Pa. Dec. 9, 2025) (Bartle, J.).

only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"); *see also Tazu v. Atty. Gen. U.S.*, 975 F.3d 292, 296 (3d Cir. 2020) ("Section 1252(g) does not sweep broadly. It reaches only these three specific actions, not everything that arises out of them."). Mr. Picon does not challenge any decision or action by the Attorney General "to commence proceedings, adjudicate [his] case[], or execute [a] removal order[] against [him]." 8 U.S.C. § 1252(g).

The government quotes *AAADC* to argue Mr. Picon's detention is merely a "specification of the decision to 'commence proceedings' which . . . § 1252 covers." ECF No. 7 at 5–6 (omission in original) (quoting *AAADC*, 525 U.S. at 485 n.9). But the government ignores the next sentence in the footnote it cites: "Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *AAADC*, 525 U.S. at 485 n.9. Mr. Picon is not challenging any exercise of prosecutorial discretion. He challenges the lawfulness of his detention, which the government contends is *mandatory* under § 1225(b). *See Anirudh*, 2025 WL 3527528, at *3 ("Petitioner simply challenges the lawfulness of his detention. He does not challenge the commencement or adjudication of an action against him and is not challenging any execution of his removal."). Therefore, this case does not fall within Section 1252(g)'s bar on jurisdiction. *See id.*; *Kashranov*, 2025 WL 3188399, at *3.

### Section 1252(b)(9)

The INA strips courts of jurisdiction to review an order or questions of law and fact "*arising from* any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9) (emphasis added). Section 1252(b)(9), therefore, bars only actions "arising from" removal proceedings. *Kashranov*, 2025 WL 3188399, at *3. It bars judicial review only where a petitioner is "asking for review of an order of removal, the decision to detain them in the first place

4

or to seek removal," or "the process by which their removability will be determined." *Id.* (quoting *Jennings*, 583 U.S. at 294–95); *Nielsen v. Preap*, 586 U.S. 392, 402 (2019). Additionally, Section 1252(b)(9) "does not reach 'claims that are independent of, or wholly collateral to, the removal process.'" *E.O.H.C. v. Sec'y U.S. Dep't Homeland Sec.*, 950 F.3d 177, 186–87 (3d Cir. 2020) (citation omitted) (finding Section 1252(b)(9) does not bar review of "now-or-never challenges" like, for example, whether return to Mexico would interfere with Fifth Amendment right to counsel because "the constitutional harm from [a Fifth Amendment violation] could not be remedied after a final order of removal").

Mr. Picon does not ask the Court to review an order of removal or any questions of law or fact arising from such a removal proceeding or any part of the process by which his removability will be determined. *See Preap*, 586 U.S. at 402. He challenges the government's interpretation of the INA which the government has used to detain him without a bond hearing. And the violation of Mr. Picon's Fifth Amendment right to due process cannot be remedied after a final order of removal. *See E.O.H.C.*, 950 F.3d at 187–88. Accordingly, § 1252(b)(9) is not a bar to this Court's jurisdiction to hear his habeas petition. *See Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *4 ("The plain language of Section 1252(b)(9) makes clear that the provision does not apply here. Mr. Kashranov is not asking the Court to review a question of law or fact arising from any removal proceedings. He challenges the Government's interpretation of the statutory detention framework mandating his detention without a bond hearing. Thus, Section 1252(b)(9) is also not an issue.").

### Section 1252(a)(2)(B)(ii)

Finally, the INA bars jurisdiction over "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter

*to be in the discretion of* the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). This case involves no exercise of discretion. It involves the legal question of whether Mr. Picon *must* be detained without a bond hearing under Section 1225(b), or whether he *must* be given a bond hearing under Section 1226. "[T]he dispute is about the scope of the Government's statutory detention authority, which, as the Supreme Court has made clear, is 'not a matter of discretion.'" *Kashranov*, 2025 WL 3188399, at *4 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Cantu-Cortes*, 2025 WL 3171639, at *1 ("8 U.S.C. § 1252(a)(2)(B)(ii) does not bar jurisdiction because Petitioner is not challenging a discretionary decision to deny him bond, but is instead challenging the Government's position, as a matter of statutory interpretation, that no bond hearing is required.").

Therefore, none of the INA provisions upon which the government relies bar this Court's jurisdiction.

### III.     Administrative Exhaustion

The government next argues Mr. Picon has not exhausted his administrative remedies. ECF No. 7 at 9. Mr. Picon, however, argues he is not required to exhaust administrative remedies because such attempts would be futile. ECF No. 1 ¶¶ 33–38. The Court agrees with Mr. Picon. A habeas petitioner need not exhaust administrative remedies where "administrative remedies would be futile," *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988), or where the "issue 'involves only statutory construction,'" *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (citation omitted).

First, the government concedes that under a Board of Immigrations Appeals ("BIA") decision, immigration judges will not hear or grant bond requests for immigrants detained under § 1225(b)(2). ECF No. 7 at 9; *Matter of Yajure Hurtado*, 28 I&N Dec. 216 (BIA 2025). Under the BIA's current precedent, therefore, "no bond hearing is available to persons in removal

proceedings" under § 1225(b)(2), *Diallo*, 2025 WL 3298003, at *3, and Mr. Picon "has 'no reasonable prospect of obtaining relief' through administrative remedies." *Demirel*, 2025 WL 3218243, at *4 (quoting *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *3 (N.D. Ill. Oct. 29, 2025)). Indeed, the government concedes that *Hurtado* "is binding on all immigration judges in the United States" and that it "is the law of the land in immigration court today." ECF No. 7 at 14 n.4. It is clear that the BIA has already determined Mr. Picon is not entitled to an administrative hearing to determine whether his detention under § 1225(b)(2) is lawful. So, in the current landscape, "[p]ursuing an administrative remedy would be a meaningless exercise with a predetermined outcome that is not dependent on the facts." *Diallo*, 2025 WL 3298003, at *4.

Second, Mr. Picon's petition involves only issues of statutory construction, so exhaustion is not required. *Anirudh*, 2025 WL 3527528, at *4. Accordingly, the court will examine the merits of Mr. Picon's Petition.

## IV. Wrongful Detention

The Due Process Clause of the Fifth Amendment provides that the government shall not "depriv[e]" any person "of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fifth Amendment's protections apply to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. The Court may grant habeas relief to any person "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

Whether Mr. Picon is entitled to habeas relief turns on whether his detention is governed by § 1225(b) or § 1226(a) of the INA. This Court joins "[t]he vast majority of courts confronting this precise issue[, who] have rejected [the Government's] interpretation, and the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.'" *Demirel*, 2025 WL

7

3218243, at *4 (citing *Ayala Amaya v. Bondi*, No. 25-cv-16428, 2025 WL 3033880, at *2 (D.N.J. Oct. 30, 2025)) (third alteration in original) ("Once again, of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here."). Mr. Picon's detention is governed by § 1226(a), so his detention without a bond hearing is unlawful.

### Section 1225(b)

Section 1225(b)(2)(A), which the government contends governs this case, provides that "in the case of an alien who is an applicant for admission, if the examining officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal proceeding]." Individuals detained under § 1225(b)(2)(A) are not entitled to a bond hearing.

For § 1225(b)(2)(A) to apply to Mr. Picon's case, he must be "(1) an 'applicant for admission,' (2) 'seeking admission,' and (3) 'not clearly and beyond a doubt entitled to be admitted.'" *Kashranov*, 2025 WL 3188399, at *6 (quoting 8 U.S.C. § 1225(b)(2)(A)); *see also Demirel*, 2025 WL 3218243, at *4. The government contends that an "applicant for admission" is necessarily "seeking admission" within the meaning of §1225(b)(2)(A) and that the over 280 judicial decisions to the contrary "effectively read into the statute a limitation that is not expressly there." ECF No. 7 at 16.

In this Court's view, the opposite is true. The government asks the Court to read "seeking admission" out of the statute. *See Demirel*, 2025 WL 3218243, at *4 ("I am not prepared to read ['aliens seeking admission'] out of existence."). The Court will not do so. It must construe the statute "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009) (citation omitted); *see*

8

*also Kashranov*, 2025 WL 3188399, at *7 ("If the Government were correct, and 'applicant for admission' and 'seeking admission' were truly interchangeable, Congress would have had no reason to use two distinct terms."). To accept the government's reading would be to render the "seeking admission" requirement superfluous. *See Demirel*, 2025 WL 3218243, at *4 ("If, as the Government argues, § 1225(b) applies to all 'applicant[s] for admission,' then there was no need for Congress to limit the statute's application to 'alien[s] seeking admission.'" (alterations in original)). "Section 1225(b)(2)(A) applies only to an alien who is *both* an applicant for admission and 'seeking admission.'" *Kashranov*, 2025 WL 3188399, at *6.

As Judge Wolson thoroughly analyzed and explained:

> The phrase "seeking admission" functions as a present participial modifier of the term "alien" within the statute. . . . The present participle, expressed in the progressive "-ing" form, conveys ongoing and continuous action rather than a completed or static state. . . . Viewed in this light, "seeking admission" describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization. This reading preserves the distinction between "seeking admission" and the separate term "applicant for admission," ensuring that each phrase carries independent meaning.

*Id.*

Mr. Picon is an "applicant for admission," but he is not "seeking admission." Mr. Picon sought admission when he arrived at the border three years ago. The government detained him and released him on his own recognizance. He has now lived here for three years. Section 1225(b)(2)(A) cannot apply.

### Section 1226(a)

The parties do not dispute that § 1226 applies. The government, however, argues the two sections "overlap and are not mutually exclusive." ECF No. 7 at 15. Under § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision

9

on" his removal. An individual detained under § 1226(a) has due process rights—namely, he is entitled to an individualized assessment of whether he is a danger to the public or property or a flight risk, followed by a bond hearing before an immigration judge to review that assessment. *See* 8 C.F.R. § 236.1(d)(1); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *Preap*, 586 U.S. at 397–98 ("If the alien is detained, he may . . . secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.").

### Due Process

To determine whether an individual has been deprived of due process, Courts weigh (1) the private interest at stake; (2) the risk of the erroneous deprivation of that interest and the probable value of procedural safeguards; and (3) the burden on the government of providing those procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here, all three factors weigh in Mr. Picon's favor. First, Mr. Picon has a strong liberty interest. Second, without any individualized assessment as to whether Mr. Picon is a danger to public safety or a flight risk, there is a high risk of error as to whether his detention is lawful. Third, a bond hearing "imposes little administrative burden." *Diallo*, 2025 WL 3298003, at *6 (quoting *Kashranov*, 2025 WL 3188399, at *5).

### V. Conclusion

Mr. Picon's detention without a bond hearing violates both the INA and the Due Process Clause of the Fifth Amendment. A habeas court may "order the conditional release of an individual unlawfully detained." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008). This Court will therefore grant Mr. Picon's habeas petition and order his immediate release.

An appropriate Order follows.